# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALLEN WHITE,<br>    #72343 | )<br>)<br>) | |
| Plaintiff, | )<br>) | 3:10-cv-00694-LRH-RAM |
| vs. | )<br>) | **SCREENING ORDER** |
| HOWARD SKOLNICK, *et al.*, | )<br>) | |
| Defendants. | ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section

1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at Warm Springs Correctional Center, has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, Northern Nevada Correctional Center ("NNCC") Warden James Benedetti, and NNCC officers R. Vidaurri and C. Fournier. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights.

As a preliminary matter, in each count of his complaint plaintiff claims that defendants have violated his equal protection rights. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners are also protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff has not alleged that defendants intentionally discriminated against him based on race or religion, nor has he alleged any disparate treatment whatsoever. Therefore, plaintiff's Fourteenth Amendment Equal Protection claims are dismissed.

**A. Count I**

In count I, plaintiff alleges that in the NNCC dining hall on December 6, 2008, officer R. Vidaurri called plaintiff a "fucking cho-mo" (child molester) and then turned to the full dining hall and shouted so that everyone could hear "I hate fucking cho-mo's!" Plaintiff claims that Vidaurri intended to place plaintiff in a state of constant fear of violent reprisal by other inmates and thus acted with deliberate indifference to plaintiff's safety in violation of his Eighth Amendment rights.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe, Nev*., 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial

3

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff does not set forth any facts demonstrating that Vidaurri acted with deliberate indifference to any serious threat to plaintiff's safety, nor does plaintiff claim that he suffered any harm or that he is in imminent danger of harm. Plaintiff's allegations amount, at most, to verbal harassment, which is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part by Shakur v. Schiriro*, 514 F.3d 878 (9th Cir. 2008). Accordingly, count I is dismissed for failure to state a claim for which relief may be granted.

### B. Count II

While not entirely clear, it appears that in count II plaintiff alleges that defendant Fournier filed a notice of charges against him "without exercising ordinary care, through investigation, to determine actual truthfulness." Plaintiff states, with no elaboration, that Fournier acted "in a manner of gross incompetence with deliberate and callous indifference and reckless disregard of" plaintiff's safety. Plaintiff sets forth no facts that might demonstrate a deprivation of his constitutional rights. Accordingly, count II is dismissed for failure to state a claim upon which relief may be granted.

### C. Count III

In count III, plaintiff alleges that on January 3, 2009, Vidaurri filed a notice of charges against plaintiff in retaliation for plaintiff's filing a grievance against Vidaurri for the recent dining hall incident set forth in count I.

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Such

1  claims must be evaluated in the light of the deference that must be accorded to prison officials. *See*
2  *Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must
3  submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional
4  rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence)
5  with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence).
6  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of
7  retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Finally,
8  the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged
9  retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d
10 at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling
11 of his [or her] First Amendment rights to file grievances and to pursue civil litigation in order to perfect
12 a retaliation claim. Speech can be chilled even when not completely silenced.") (emphasis in original);
13 *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001). Plaintiff states a retaliation claim against
14 Vidaurri in count III.

15 Finally, in each count plaintiff alleges that NDOC Director Skolnik and Warden Benedetti failed
16 to properly supervise the defendant officers. However, "[l]iability under [§] 1983 arises only upon a
17 showing of personal participation by the defendant. A supervisor is only liable for the constitutional
18 violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the
19 violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983."
20 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500
21 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996)
22 (proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff
23 does not allege that Director Skolnik or Warden Benedetti had knowledge of or participated in any
24 alleged civil rights violation. All claims against Director Skolnik and Warden Benedetti are dismissed
25 with prejudice.

26 **III. Conclusion**

27 **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*
28 (docket #1) is **GRANTED.** Plaintiff **Allen White, Inmate No. 72343**, will be permitted to maintain

this action to conclusion without prepayment of the full filing fee. Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this action. **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that count I and count II of plaintiff's complaint are **DISMISSED with prejudice and without leave to amend**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment equal protection claims are **DISMISSED with prejudice and without leave to amend**.

**IT IS FURTHER ORDERED** that all claims set forth against defendants Skolnik and Benedetti are **DISMISSED**. Defendants Skolnik and Benedetti are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's retaliation claim against defendant Vidaurri set forth in count III **MAY PROCEED**.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of

the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 15th day of January, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| _____, )<br>　　　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>_____ )<br>　　　　　　　　　　　　　　　　)<br>_____ )<br>　　　　　　Defendants.　　　　)<br>_____) | Case No. _____<br><br>**NOTICE OF INTENT TO<br>PROCEED WITH MEDIATION** |

　　　　This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.　　Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.　　If no, please state the reason(s) you do not wish to proceed with mediation? _____

　　_____

　　_____

　　_____

3.　　List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

　　_____

　　_____

　　_____

4.　　List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

　　_____

　　_____

_____

_____

5.    Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document